

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHRISTOPHER LEE DUNLAP,<br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, *Commissioner of*<br>*the Social Security Administration*,<br>Defendant. | §<br>§<br>§<br>§ Civil Action No. 2:18-02747-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING THE DECISION OF DEFENDANT,
AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

This is a Social Security appeal in which Plaintiff Christopher Lee Dunlap (Dunlap) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court reverse Saul's decision and remand the case for further administrative proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on October 4, 2019. Saul filed his Objection to the Report (Objection) on October 18, 2019. Dunlap filed his Reply to the Objection (Reply) on October 29, 2019. The Court has reviewed the Objection, but holds it to be without merit. The Court will therefore enter judgment accordingly.

On November 17, 2011, Dunlap filed his applications for DIB and SSI. He contends his disability commenced on October 1, 2011. Saul denied Dunlap's applications initially and upon reconsideration. Dunlap then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on September 18, 2013.

On December 31, 2013, the ALJ issued a decision holding Dunlap was not disabled. The Appeals Council granted Dunlap's request for review of the ALJ's decision, and issued its own decision in June 2015, which it amended in August 2015, finding Dunlap disabled as of July 8, 2013. Dunlap then filed his first action for judicial review with the Court on August 11, 2015. On January 31, 2017, the Court remanded the action back for further administrative proceedings.

On April 5, 2018, an ALJ conducted a second hearing on whether Dunlap qualified for DIB or SSI between October 1, 2011 through July 7, 2013 (relevant time period). On July 16, 2018, the ALJ issued a decision finding Dunlap disabled as of March 1, 2013, and holding Dunlap was entitled to SSI as of that date, but not DIB. Dunlap filed this action for judicial review with the Court on October 9, 2018.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial

evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Saul raises a single objection to the Report, claiming the Magistrate Judge improperly substituted her own judgment by reweighing evidence and recommended reversal of an ALJ decision supported by substantial evidence. Although this properly states the standard of review, *see id.*, it mischaracterizes the recommendations of the Magistrate Judge in the Report. The Magistrate Judge merely recommended remand based on an incomplete record, noting the ALJ failed to explicitly address Dunlap's personal testimony about his pain and suffering during the relevant time period. Stated differently, this was a judgment on the record for review, not the merits of Dunlap's case.

The ALJ's opinion states Dunlap, at his hearing, provided "little discussions as to his condition during the period relevant to this decision." A.R. at 412. This ignores testimony

4

Dunlap's counsel elicited at the hearing specific to the time frame in question. *See* A.R. at 478-81, 484-87 (asking Dunlap questions about his conditions from 2011 through July 2013). An ALJ must address statements made by the claimant and explain "how he decided which . . . statements to believe and which to discredit." *Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015). A "lack of explanation requires remand." *Id*. Here, the ALJ's failure to address Dunlap's assertions about his condition from 2011 through 2013 provide an incomplete record for judicial review, requiring remand. Accordingly, the Court will overrule Saul's objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Saul's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Saul's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to Saul for further administrative action.

**IT IS SO ORDERED.**

Signed this 28th day of January 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE